**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1224
_____

NOEL GARCIA
Appellant

v.

PHILADELPHIA DISTRICT ATTORNEY'S OFFICE;
LYNNE M. ABRAHAM

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-03864)
District Judge:  Honorable John M. Gallagher

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 11, 2023
Before:  KRAUSE, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: June 1, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Plaintiff Noel Garcia appeals pro se and in forma pauperis from the District Court's order dismissing his complaint.[1] We will summarily affirm.

Garcia alleges that on September 15, 2008, the Philadelphia District Attorney's Office issued an arrest warrant against him on the charges of aggravated assault, simple assault, and reckless endangerment of another person. At the time, he was already in the custody of the Pennsylvania Department of Corrections, serving an aggregate sentence for unrelated criminal convictions, and the charges relate to conduct that occurred while Garcia was incarcerated. According to Garcia, the State neither arraigned him on, nor pursued resolution of, the charges listed on the 2008 arrest warrant. Garcia claims that the warrant was cancelled on February 12, 2021, and that he was never brought before a judicial officer for a preliminary arraignment for a probable cause determination.[2]

As a result of the 2008 warrant and detainer, Garcia filed a complaint against Defendants Abraham and the Philadelphia District Attorney's Office, claiming they violated his Fourth and Fourteenth Amendment rights, falsely arrested and imprisoned him, and subjected him to malicious prosecution. Garcia requests compensatory and punitive damages. Garcia alleges that he suffered mental anguish, resulting in him receiving a schizophrenia diagnosis in 2022, and physical pain and discomfort, including a polyp on his colon that required an evaluation for fecal diversion. At the initial

---

[1] Garcia filed three motions for leave to amend his complaint, which the District Court construed as supplements to the original complaint. We do the same.
[2] Garcia also alleges that the charges were dismissed without explanation on the same date.

screening on his complaint, the District Court dismissed the complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This appeal followed.[3]

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal under § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm the District Court's judgment if the appeal presents no substantial question, see 3d Cir. L.A.R. 27.4 and I.O.P. 10.6, and must dismiss the appeal under § 1915 if it is frivolous.

To state a claim under 42 U.S.C. §1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Garcia alleges that Defendants the Philadelphia District Attorney's Office and Abraham, the former Philadelphia County District Attorney, were responsible for the issuance of the September 2008 warrant, the unnecessary delay in bringing Garcia before a judicial officer for arraignment, and the cancellation of the warrant and charges in 2021 without explanation. Upon careful consideration, we agree with the District Court's assessment of Garcia's complaint.

---

[3] On March 24, 2023, Garcia filed a motion to amend his appeal that primarily sought to provide supplemental authority in support of the appeal. We construe the proposed amendment as a supplement to his notice of appeal.

It is well settled that prosecutors are entitled to absolute immunity from liability for monetary damages under § 1983 for activities that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This absolute immunity entitles District Attorneys and other supervisory prosecutors to absolute immunity from claims based on their role in initiating and pursuing a prosecution on behalf of the Commonwealth, Id. at 430-31, and in seeking an arrest warrant, Kalina v. Fletcher, 522 U.S. 118, 129 (1997). Similarly, a prosecutor is entitled to absolute immunity from § 1983 claims related to conduct that is "directly connected with the prosecutor's basic trial advocacy duties," Van de Kamp v. Goldstein, 555 U.S. 335, 346 (2009) or is acting in a role that is an extension of the prosecutor's fundamental judgment of "whether and when to prosecute." Imbler, 424 U.S. at 431 n.33. Thus, prosecutors are entitled to absolute immunity from claims for damages related to their roles in choosing when and whether to dismiss charges or withdrawal an arrest warrant lodged against a defendant. See Burns v. Reed, 500 U.S. 478, 486 (1991) (extending absolute immunity to protect those functions in which the prosecutor acts as an "advocate for the State," even if they "involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom"). Thus, we agree with the District Court's determination that Defendant Abraham is entitled to absolute immunity and the individual capacity claims against her must be dismissed.

Garcia also brought a claim against the Philadelphia District Attorney's office pursuant to Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978), and an official capacity

4

claim against Defendant Abrahams. To state a § 1983 claim against a municipality or public entity, including its employees acting in an official capacity, a complaint must allege that a constitutional deprivation was caused by an official policy or informally adopted custom. Reitz v. County of Bucks, 125 F.3d 139, 148 (3d Cir. 1997); see Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Garcia's allegations related to the claimed custom or policy of the District Attorney's office are too vague and conclusory to show evidence of an actionable custom or policy on the part of the DA's office. See Reitz, 125 F.3d at 145; McTernan v. City of York, 564 F.3d 636, 659 (3d Cir. 2009). The District Court therefore correctly dismissed these claims.

For the foregoing reasons, the appeal does not present a substantial question. We will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).